IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 24-240 |
| | ) | |
| BLAISE MILLIGAN | ) | |

**Order on Motion for Modification of Bond**

Presently before the court is Blaise Milligan's Motion for Modification of Bond, construed by the Court as a Motion for Reconsideration of Order of Detention, ECF No. 123. Defendant requests release from detention in order to live with, and care for, his father. The Government opposes Defendant's motion. ECF No. 128. For the reasons set forth below, Defendant's Motion will be denied.

Mr. Milligan was charged in a Two-Count Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, and a quantity of cocaine base, commonly known as crack, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of cocaine, and a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and (b)(1)(C). A detention hearing was held before Magistrate Judge Christopher Brown on March 11, 2025 and March 20, 2025, after which Mr. Milligan was ordered released on Bond pending trial, with conditions. The government appealed the Magistrate Judge's release order to this Court, and also filed a Motion for Revocation of the Pretrial Release Order. Both parties submitted briefs, the government provided exhibits, and this Court held a hearing on April 21, 2025. After the hearing, Defendant was ordered detained.

The government opposes the present Motion in the first instance as procedurally improper and suggests that Mr. Milligan's only recourse is to file an appeal to the Court of

Appeals for the Third Circuit. The Court understands the government's position, but this Court has also exercised jurisdiction over requests by defendants to reconsider a detention order. See, e.g., *United States v. Knox*, No. CR 19-190-9, 2020 WL 1488494 (W.D. Pa. Mar. 27, 2020) (considering defendant's Motion for Reconsideration of Order of Detention). Accordingly, the Court will address the substance of the present Motion.

As noted, Mr. Milligan seeks release on Bond in order to care for, and spend time with, his father, who is suffering from advanced stage brain cancer. Such information was presented to the Magistrate Judge and to this Court on the government's appeal of the release order. No new information has been presented to the Court. The government acknowledges the tragic circumstances with regard to Mr. Milligan's father's health but argues that such facts do not overcome the seriousness of the present charges and the need to protect the community. The Court agrees with the government. The decision to revoke the initial release order was rendered after the Court's consideration of the transcript of the detention hearing, the detention hearing exhibits, and the parties' briefs. Since that time, no new information has come to light to justify revoking the detention order.

The Court concludes that the Order detaining Defendant remains appropriate. Accordingly, the Motion will be denied.

AND NOW, this 16th day of April, 2026, Defendant's Motion for Modification of Bond, ECF No. 123. construed by the Court as a Motion for Reconsideration of Order of Detention, is DENIED.

__s/*Marilyn J. Horan*_____
Marilyn J. Horan
United States District Court Judge

2